# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE E. LEWIS,**

    Plaintiff,

    v.                                                   Case No. 18-CV-609

**KORY ZIMDARS,**
**CHRISTINA MINNETI, and**
**JANE DOES,**

    Defendants.

## DECISION AND ORDER ON
## SCREENING PLAINTIFF'S COMPLAINT

Terrance E. Lewis, who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by imposing GPS monitoring for life without due process. (Docket # 1) He also filed a motion seeking leave to proceed without prepayment of the filing fee (docket # 5) and a motion for a preliminary injunction (docket # 6).

Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

This order, therefore, resolves Lewis's motions and screens his complaint.

*1. Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act applies to this case because Lewis was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On May 17, 2018, I ordered Lewis to pay an initial partial filing fee of $7.73. Docket # 9. Lewis paid that fee on June 4, 2018. Therefore, I will grant his motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening of the Complaint*

2.1. *Federal Screening Standard*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, I follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give the pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this case, Lewis was incarcerated at the time he filed his complaint on April 18, 2018. However, in his complaint, he asserted that he would be paroled on June 12, 2008. According to the Wisconsin Offender Locator, Lewis was indeed released on extended supervision on June 12, 2018. *See* Wisconsin Offender Locator, https://appsdoc.wi.gov/lop/home.do (last visited Sept. 11, 2018).

Nevertheless, Lewis states that on April 2, 2018, he was sent a memo from a Jane Doe informing him that upon his release "in accordance with 2005 Wisconsin Act 431 and 2007 Wisconsin Act 20, effective January 1 2008," he would be "required to be monitored via global positioning system (GPS) tracking for the remainder of [his] life." Docket # 1 at 1, Ex. 1. The memo further noted that the GPS monitoring requirement was "for all of the following individuals, if convicted and/or released from prison, on or after January 1, 2008…3) Sex offender subject to a Special Bulletin Notification per W.S. 301.46(2m)(am)." *Id*.

Lewis states that "the supervisor approved the GPS along with his agent Kory Zimdars and Christina Minneti without speaking to him or giving him a chance to explain or make an argument as to why he should not be placed on GPS for life." *Id*. Lewis spoke with Zimdars, who told Lewis that he "has to be placed on GPS per Wis. Stat. 301.46(2m)(am)," which states that "two sexually based offense convictions means the county sheriff's department receives a special bulletin need, community meeting, etc." *Id*. at 2.

Lewis asserts that the department made the determination to put him on GPS monitor without affording him his right to due process, despite placing inmates on GPS monitoring "in a relatively low number," and despite his being able to show that he was not a security threat as evinced by his low COMPAS Risk Scores. He states that he never agreed as part of his plea agreement to be placed on GPS for the rest of his life nor was he told he would have to wear GPS for the rest of his life.

Lewis seeks injunctive relief as well as compensatory and punitive damages.

*2.2    Analysis*

Lewis asserts that the defendants violated his constitutional rights by imposing the GPS monitoring for life requirement in accordance with 2005 Wisconsin Act 431 and 2007 Wisconsin Act 20 without affording him any due process. Notably, he does not assert that his underlying criminal conviction—which the court assumes is a sexually based offense—is not subject to the statute, but only that he should have been provided due process before it was imposed.

Under the Due Process Clause of the Fourteenth Amendment, the government shall not "deprive any person of life, liberty or property without due process of law." However, as Lewis concedes, the Wisconsin statute mandates lifetime GPS monitoring for certain sex offenders based on their criminal convictions or civil commitment. See Wis. Stat. § 301.48(2)(a). Thus, "the consequence of the monitoring flows from the conviction or commitment, and there is no requirement for any additional due process." *Werner v. Larrabee*, No. 15-CV-104-PP, 2017 WL 570796, at *3 (E.D. Wis. Feb. 13, 2017) (citing *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 7–8 (2003)).

Further, as reasoned by the Seventh Circuit in *Belleau v. Wall*, 811 F.3d 929, 937 (7th Cir. 2016), the requirement does not violate any substantive due process rights because it is not punitive and does violate the Fourth Amendment. Therefore, I find that Lewis has failed to state a claim regarding the imposition of his statutorily required GPS monitoring for life. And to that end, Lewis's request for the defendants to be enjoined from imposing the requirement is denied.

To the extent plaintiff is asserting that his rights concerning being made aware of this sentencing consequences were violated, his remedy would be first to appeal the conviction.

In state court, Lewis can appeal from the Circuit Court to the Wisconsin Court of Appeals; if he loses there, he can ask the Wisconsin Supreme Court to accept his case on a petition for review. He can also file a state *habeas* petition or a post-conviction motion under Wis. Stat. §974.06. In federal court, Lewis can file a federal *habeas corpus* petition under 28 U.S.C. §2254 after he has exhausted all of his state remedies as previously described. He can also file a § 1983 complaint, as he has done here, but after he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus.*" *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). That is because the success of his § 1983 claim would necessarily imply the invalidity of his confinement or require adjustment to his confinement's duration. *Id*. Because Lewis has not showed that his conviction or sentence has been invalidated already, he cannot proceed on this claim.

**THEREFORE, IT IS ORDERED** that Lewis's motion to proceed without prepayment of the filing fee (Docket # 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lewis's motion for preliminary injunction (Docket # 6) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The court will document that Lewis has incurred a "strike" under 28 U.S.C. § 1915(g) and will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Lewis shall collect from his institution trust account the $342.25 balance of the filing fee by collecting monthly

payments from Lewis's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Lewis transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with his remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 13th day of September, 2018.

                                        BY THE COURT:

                                        *s/Nancy Joseph*_____
                                        NANCY JOSEPH
                                        United States Magistrate Judge